*Compiler of law/ law library*

**IN THE SUPERIOR COURT
OF GUAM**

PEOPLE OF GUAM,                )        Criminal Case No. CF0184-09
                              )
            Plaintiff,         )
                              )
      v.                       )        **DECISION AND ORDER**
                              )        re: motion to suppress.
JOHNNY W. SU,                  )
                              )
            Defendant.         )
_____ )

This matter came before the Honorable Judge Michael J. Bordallo on September 24, 2009. The People were represented by Assistant Attorney General William Pole. Defendant was represented by Attorney Jeffery A. Moots. Having reviewed the memorandum and papers presented, the court now issues the following Decision and Order.

## BACKGROUND

This matter arises out of a April 10, 2009, Magistrate's Complaint charging Defendant with possession of Schedule II Controlled Substance as a 3rd Degree Felony and Possession with Intent to Deliver a Schedule II Controlled Substance as a 1st Degree Felony. On April 9, 2009 a search warrant was signed for #337 West Santa Barbara St. Ave. Dedeo, Guam and its curtilage. The search warrant included two vehicles: a 1995 white Toyota Camry and a 1991 gray Toyota pickup. The warrant did not authorize the search of any persons nor did it find that any of the facts set forth in the affidavit supported a finding that the circumstances were highly dangerous or posed a risk of harm to the officers.

Fifteen officers were sent to execute the warrant sometime around 12:00 p.m. As the officers arrived at the front of the #337, the residence identified in the search warrant, they noticed two individuals. The two individuals were the Defendant Su and another individual. They were walking along the garage side of the residence, coming from the back of the

residence toward the front of the residence. The officers exited their vehicles with their guns drawn and while rushing toward the Defendant and the other individual, the officers commanded the individuals to get down in the ground. Defendant Su, first remained in place and then laid down upon the ground. The other individual fled.

In less than 20 seconds after the officers exited the vehicle they had secured the Defendant on the ground with his hands cuffed behind his back. While the officers were placing and securing Defendant Su upon the ground, a small black pouch fell from the front of this person to the ground. The pouch was zippered shut but partially open. After hand-restraining Defendant Su, Officer Kenneth Castro, picked up the black pouch and unzipped it to look inside for weapons. Inside the pouch the officer located and confiscated small several clear bags containing alleged methamphetamine and drug paraphernalia.

## DISCUSSION

Defendant requests that the any of evidence obtained as a result of his seizure be suppressed. *Mem.* at 3. In support of this request Defendant argues that the officers executing the warrant had no articulable reason to support the detention and search of his person and personal belongings. *Id.* at 1-3. In addition, Defendant requests that the People's memorandum in opposition be stricken for its untimely filing. *Mem.* at 1.

The People oppose Defendant's request. On August 21, 2009, they filed a document entitled, People's Reply and Opposition to Defendant's Motion to Suppress. *Opp.* a 1. In this document the People argue that the unprovoked flight of the person with the Defendant together with the totality of the circumstances in this case justified the officers detention and search of the Defendant for weapons. *Id.* at 4-6.

On July 22, 2009 this court signed a Trial Scheduling Order. The order set a trial date and required that all motions be filed by August 7, 2009; all Oppositions to all motions be

filed by August 17, 2009; and all Replies to all motions be filed on August 21, 2009. The People's opposition was filed 4 days after the date ordered in the court's scheduling order. Therefore pursuant to the authority provided in Section 65.15 and 65.45 of of Title 8 of the Guam Code, the court strikes the People's opposition document.

Chapter 30 of Title 8 of the Guam Code, entitled the "Stop and Frisk Act," regulates when a law enforcement officer may detain and search a person for weapons and when evidence obtained the detention and search is admissible in court. 8 Guam Code Ann. §§ 30.10; 30.20; 30.30, 30.40; 30.50, and 30.60 (2009). Section 30.10 of the Act requires that before a person may be detained the circumstances must, "reasonably indicate that such person has committed, is committing, or is about to commit a criminal offense." *Id.* at 3.10. While not being compelled to answer, a person's detention is strictly limited under the Stop and Frisk Act to ascertaining the detained person's identity and the circumstances surrounding the facts which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense. *Id.* at § 30.20. Moreover, the place and time period of detention is also strictly limited to no more than 15 minutes within the area of initial detention.

In this case the officers with guns drawn, within less than 20 seconds of arriving at the scene and exiting their vehicle, secured Defendant Su upon the ground and placed him in hand restraints. They testified that they did so for no other reason than he was walking along the side of a house they had a warrant to search. The warrant did not provide for the search of any persons on the premises. It did not indicate nor was it supported by any facts to indicate that any persons within the house or the vicinity thereof might pose a safety risk to the officers executing the warrant or that there were persons inside the house committing criminal acts.

Based upon the facts presented it, the court finds Defendant's detention was unreasonable and unlawful. The People have failed to present any persuasive evidence which would support a finding that Defendant's detention was supported by any facts reasonably indicative of criminal behavior. In 2004 the 10th Circuit, affirming the protective detention of another[1] held, "*Ybarra* stands for the proposition that 'mere propinquity to others independently suspected of criminal activity' is insufficient, standing alone, to create an articulable suspicion to support a *Terry* frisk." *U.S. v. Maddox*, 388 F.3d 1356, 1365 (10th Cir. 2004)(internal citations omitted). The 10th Circuit held that, "a protective detention justified on officer safety grounds is "decidedly not 'automatic,' but may be conducted only when justified by a reasonable, articulable suspicion that ... a person pos[es] a danger to those on the arrest scene." *Id*.

The two facts upon which the officers justified their detention of Defendant in this case where his proximity to the house upon their arrival and his proximity to the other

---

[1] The State in *Maddox*, asserted the following facts to support the protective detention of the defendant,

> Deputy Medrano's articulable and reasonable suspicion of potential danger supports the temporary, protective detention of Mr. Maddox on officer safety grounds. First, Deputy Medrano was assisting in the arrest of a narcotics trafficker. Such arrests are notoriously and routinely dangerous. Second, Deputy Medrano knew the Buhrle residence to be a dangerous location because he had investigated a homicide there, he knew that the residence had been the location of violent crimes, and he knew that several narcotics traffickers and violent fugitives had been arrested there. Third, it was getting dark. Fourth, at the time Mr. Maddox arrived, Deputy Medrano was outnumbered 5-to-1. And fifth, Deputy Medrano had observed Mr. Maddox reach under the seat of the pick-up truck as it pulled up the driveway. We also note that the possibility that Mr. Maddox was visiting another home or was merely passing by was extremely unlikely as the Buhrle residence was the only mobile home at the end of the long driveway in a rural area.

*U.S. v. Maddox*, 388 F.3d 1356, 1365 (10th Cir. 2004) (internal citations omitted).

person who fled upon the officer's exit and display of authority. As it was recently explained by the D.C. Circuit

> Time and again' the Supreme Court 'has observed that searches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment . . . . the 'inestimable right of personal security' embodied in the Fourth Amendment 'belongs as much to the citizen on the streets ... as to the homeowner closeted in his study . . . 'No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.'

*U.S. v. Askew*, 529 F.3d 1119, 1125 (D.C. Cir. 2008)(internal citations omitted).

## CONCLUSION

For the reasons above the court grants Defendants motion to suppress. This matter is set for further proceedings on ___October___, ___07___, 2009, at ___9:00 a___ m.

SO ORDERED this 2 day of October 2009.

_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing
. . . on file in the office of the
. . . of the
. . . f Guam
OCT 07 2009
Evelyn P. Doria
Deputy Clerk, Superior Court of Guam